UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MALONE,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA,<br><br>    Defendant. | Case No.: 1:14-cv-00438-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

**PROCEDURAL HISTORY**

The instant petition was filed on March 27, 2014. In the course of conducting a preliminary screening of the petition, it has come to the Court's attention that Petitioner has previously filed a federal habeas petition challenging this same conviction in case no. 1:07-cv-00743-AWI-SMS. For the reasons discussed below, the case must be dismissed.

---

[1] Petitioner is incarcerated in the United States Penitentiary, Tucson, Arizona. However, Petitioner alleges that he was transferred to Federal Protective Custody as a result of testimony he gave against inmates who attacked him in state prison. (Doc. 1, p. 15). Since Petitioner was convicted of second degree murder and is serving an indeterminate term of 15 years to life, and since no evidence has been presented that Petitioner has been paroled or otherwise released from state custody on that conviction, the Court assumes that, although now transferred to federal custody, Petitioner remains incarcerated based on his state conviction. Accordingly, the Court considers Petitioner to be a state prisoner for purposes of the § 2254 petition.

**DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a *new ground* unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements that allow a petitioner to file a second or successive petition, but rather the Ninth Circuit. Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Here, Petitioner challenges his 2004 second degree murder conviction in the Kern County Superior Court based on three claims of ineffective assistance of counsel. As mentioned previously, in case number 1:07-cv-00743-AWI-SMS, Petitioner challenged that same conviction in this Court and received a decision on the merits denying his habeas claims on July 19, 2010.  Petitioner has made no showing that he has obtained prior leave from the Ninth Circuit to file this successive petition attacking the same 2004 conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254

and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, **he must first file for leave to do so with the Ninth Circuit**. See 28 U.S.C. § 2244 (b)(3).[2]

## ORDER

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District judge to this case.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as a second and successive petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 2, 2014**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court also notes that, in his petition, Petitioner candidly concedes that he has not exhausted any of his three claims by presenting them to the California Supreme Court. Accordingly, even if the Court had jurisdiction to consider this successive petition, it would have no alternative but to dismiss it since the Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon v. United States Dist. Court, 107 F.3d 756, 760.